IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kevin Wayne Ludwig, ) | Civil Action No.: 4:14-387-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Kevin Wayne Ludwig ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling. On April 30, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner erred in his Step Two analysis. (ECF No. 27 at 18.) Accordingly, the magistrate judge recommended reversing the Commissioner's decision. *Id.* at 20. The Commissioner filed Objections on May 18, 2015 (ECF No. 29). The plaintiff did not file any objections. For the reasons stated below, the Court cannot adopt the Report and Recommendation and, therefore, affirms the decision of the Commissioner.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 49 years old on the date of his alleged disability onset date, due to, *inter alia*, "complications from diabetes, kidney problems, poor eyesight, high blood pressure, heart problems, chest pains, numbness in the arms and legs, [and because he] c[ould] [not] stand for long periods of time," he has a high school education, and past relevant work as a drywall installer and electrician helper. (R. at 16-17, 134.) The plaintiff's current application was denied initially and on reconsideration. (R. at 45-52, 55-58.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on December 7, 2012, finding that the plaintiff was not disabled. (R. at 10-18, 20-36.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on February 13, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends reversing and remanding the ALJ's decision. (ECF No. 27 at 20.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required

to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v.*

3

*Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The defendant filed objections to the Report and Recommendation ("Objections") on May 18, 2015 (ECF No. 29). The plaintiff made no reply. The government objects to the magistrate judge's conclusion that the ALJ erred in not considering the plaintiff's visual impairment, severe, at step two of the sequential evaluation process or considering it, at all, at step four.[1] Without conceding either, the defendant claims that any such alleged errors are harmless. At step five of the sequential evaluation process, the ALJ relied on the testimony of a vocational expert ("VE") and found that the plaintiff could perform the requirements of representative occupations in the medium exertional level such as janitor (DOT #381.687-018), laundry worker (DOT #361.684-014), and dishwasher (DOT

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

#318.687-010). (R. at 17.)  The defendant emphasizes that medical records indicate that the plaintiff's corrected near sighted vision tested at 20/30 (R. at 213) and the Dictionary of Occupational Titles (DOT) provides that the jobs identified by the VE and the ALJ do not require "Far Acuity," "Depth Perception," "Accommodation" or "Field of Vision." *See* DOT 381.687-018, 1991 WL 673258 (janitor); DOT 361.684-014, 1991 WL 672983 (laundry worker); DOT 318.687-010, 1991 WL 672755 (dishwasher).  The defendant, therefore, argues that any visual impairment would not preclude the work in the national economy the ALJ determined he could perform.  The Court agrees.

But, more fundamentally, it is an inaccuracy to say that no evidence of the plaintiff's alleged visual impairments were considered.  Some was.  (R. at 15.)  Insofar, as the ALJ's alleged failure to consider such impairments, at either step two or four, at all, is the only grounds for remand, the Court cannot adopt the recommendation. The ALJ's consideration as to such impairments was not impressively thorough, but the plaintiff has not challenged that consideration substantively other than to accuse that it did not occur in any respect. But, it did.  *Id.*  And, the fact that some consideration occurred, in light of other generalized comments that the ALJ considered the entire record (R. at 12, 14), is sufficient to conclude that all relevant opinions concerning visual impairments were considered.  *See Reid v. Comm'r v. Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word.").  So, there is no error, both because none was committed and because it would be harmless even if it had been, as described above. The Court neither enjoys departing from the recommendation below or foreclosing the opportunity for benefit.  But, there is no error in the ALJ's consideration of the visual

impairments, in the ways plaintiff contends.

The ALJ declined to consider the other arguments of the plaintiff for having recommended remand on account of the above perceived deficiency. So, the Court would continue to consider those now.

The plaintiff's first contention is that the ALJ "found, without explanation that Mr. Ludwig could lift up to fifty pounds and spend almost his entire work day walking and standing." (Pl. Brief at 11-12.) But, the two state agency physicians who reviewed the plaintiff's medical records -- Drs. Jim Liao and Mary Lang – both opined that the plaintiff could occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about 6 hours in an 8-hour work day; and sit about 6 hours in an 8-hour work day. (R. at 220, 256). These opinions (at least one of which the ALJ specifically noted he was according significant weight) are consistent with the definition of medium work set forth as defined in the Commissioner's regulations. *See* 20 §§ CFR 404.1567(c) and 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work"). The fact that the plaintiff has offered competing evidence, in the opinion of Dr. Robinson is of no moment. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As recited immediately above, the ALJ had substantial evidence to conclude as he did and the Court will not disturb his decision.

The plaintiff also craves appeal to the treating physician rule and insists that the ALJ failed to incorporate functional limitations assessed by Drs. David Robinson and Jennifer Smith into the RFC. (R. at 12-13.) First, the plaintiff contends that "the ALJ simply ignored

the opinions of Dr. Robinson . . . ." (Pl. Brief at 13.) But, he expressly and extensively considered them, including as to the specific opinion cited by the plaintiff that the plaintiff could not lift or carry more than "light to moderate objects." (R. at 15.) Second, it appears indisputable that neither Dr. Robinson nor Dr. Smith – consultative examiners who each saw Plaintiff a single time – could qualify as one of the plaintiff's treating physicians. *See Ghazi v. Astrue*, 2009 WL 559963, *6 (D.S.C. Mar. 4, 2009). There is no error.

The plaintiff claims that Dr. Robinson's opinion is facially inconsistent with the RFC. While Dr. Robinson assessed that the plaintiff "may have difficulty with prolonged standing, walking and balancing related to poorly controlled diabetes," he also found that the plaintiff was "able to sit, stand and walk, without significant limitations." (R. at 211.) He further explained that, while the plaintiff was not a good candidate to perform heavy physical exertion, as stated, the plaintiff was able to lift and carry light to moderate objects. (R. at 211.) Critically, both Dr. Liao and Dr. Lang explicitly considered Dr. Robinson's assessment and neither found Dr. Robinson's assessment inconsistent with the performance of medium work. (R. at 225-26) (referencing Dr. Robinson's opinion and stating there are no "medical source conclusions about the claimant's limitations or restrictions which are significantly different from [Dr. Liao's] findings" that Plaintiff can perform a range of medium work); (R. at 261-62) (same regarding Dr. Lang).

In terms of Dr. Smith's opinion, the alleged visual impairments identified in her assessment are not inconsistent with the jobs identified by the vocational expert or the ALJ. Dr. Smith indicated that the plaintiff's corrected nearsighted vision tested at 20/30. (R. at 213.) As noted, in terms of Plaintiff's "Far Acuity" and "Visual Field Tr. 213-14), the DOT provides that the jobs identified by the VE and the ALJ do not require "Far Acuity," "Depth Perception," "Accommodation" or "Field of Vision." *See* DOT 381.687-018, 1991 WL

7

673258 (janitor); DOT 361.684-014, 1991 WL 672983 (laundry worker); DOT 318.687-010, 1991 WL 672755 (dishwasher).

The plaintiff's final contention is that the ALJ should have not discounted his credibility simply because his financial condition made it difficult for him to stay compliant with his medication regimen. But, this contention ignores the numerous other reasons that supported the ALJ's credibility determination. (See R. at 16.) So, even if the ALJ did not properly consider the plaintiff's compliance with prescribe medication, substantial evidence of other reasons still supports his credibility determination. *See Ogden v. Colvin*, 2014 WL 351926, at *10 (N.D. Fla. Jan 31, 2014) ("[E]ven if the ALJ erred in considering Plaintiff's lack of ongoing and regular treatment, the error would be harmless. The other reasons cited by the ALJ are well supported by the record . . .and the ALJ's other reasons, standing alone, substantially support his overall credibility findings."). The plaintiff has only contested the one basis. It, alone, cannot justify remand.

## CONCLUSION

Respectfully, the Court cannot concur in the ultimate recommendation of the Magistrate Judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 25, 2015
Greenville, South Carolina

8